**Wendy GONZALES**

v.

**SEA–MAR, INC.**

**No. CIV. A. 99–1442.**

United States District Court, E.D. Louisiana.

May 30, 2000.

**754**

Gregory David Guth, Sacks & Smith, New Orleans, LA, for Wendy Gonzales.

John Gleason Alsobrook, Metairie, LA, for Sea-mar, Inc.

### ORDER AND REASONS

MENTZ, District Judge.

Defendant Sea–Mar, Inc. filed a motion for summary judgment seeking to dismiss plaintiff Wendy Gonzales's lawsuit for lack of any evidence to support her claims under Title VII of the Civil Rights Act of 1964 for sexual harassment and violation of the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), and her claim under the Equal Pay Act, 29 U.S.C. § 206(d)(1).

The facts set forth in Sea–Mar's Statement of Uncontested Facts are uncontroverted and therefore deemed admitted pursuant to Local Rule 56.2E. In addition, the plaintiff did not offer any evidence to controvert Sea–Mar's evidence or to support her claims under the PDA and the Equal Pay Act. Based on the undisputed facts, Gonzales has failed to establish a prima facie case under either the PDA or the Equal Pay Act. See Urbano v. Continental Airlines, Inc. 138 F.3d 204 (5th Cir.1998), cert. denied, 525 U.S. 1000, 119 S.Ct. 509, 142 L.Ed.2d 422 (1998) (under the PDA a plaintiff must show, among other things, that others similarly situated were treated differently); Peters v. Shreveport, 818 F.2d 1148, 1153 (5th Cir. 1987) (quoting 29 U.S.C. § 206(d)(1))(under the Equal Pay Act a plaintiff must first establish that her wage rate was less than someone of the opposite sex performing "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which. are performed under similar working conditions").

Gonzales submitted evidence to support her claim under Title VII based on a sexually hostile work environment. Her evidence on this claim consists of her deposition testimony in which she described the following incidents: (1) Dennis Papaleo, an owner of the company where she worked, asked her during the early stages of her pregnancy: "So when are you going to get fat?"; (2) Papaleo glared at her on one occasion when she walked into the office; (3) Papaleo said, "Oh, it looks like you had a growth spurt since Friday," to which another owner of the company, David Boyes, responded: "Yeah. it looks like she's put on a few pounds"; (4) Boyes said in response to Gonzales's statement .that her maternity clothes were comfortable: "Well, if you wore those all the time, you wouldn't get pregnant"; (5) When Gonzales responded that her husband thought she looked cute in her maternity clothes, Boyes said: "Well, Ariel has to sleep with you, and he wants you to get back to normal after this whole thing is over with."

■ Sea–Mar controverted Gonzales's testimony with affidavits. Even assuming her testimony to be true, the evidence is insufficient to avoid summary judgment. "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986). "For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment'." Id. at 477 U.S. at 67, 106 S.Ct. at 2403. "Incidental, occasional or merely playful sexual utterances will rarely poison the employee's working conditions to the extent demanded for liability." Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 (5th Cir.1999). Even comments that can be described as "boorish" and "offensive," may be insufficiently sever or pervasive to establish a hostile or abusive working environment. See Shepherd v. Comptroller of Public Accounts of Texas, 168 F.3d 871, 872–75 (5th Cir.), cert. denied, —— U.S. ——, 120 S.Ct. 395, 145 L.Ed.2d 308 (1999) (holding that several incidents over a two-year period, including comment "your elbows are the same color

as your nipples," another comment that plaintiff had big thighs, touching plaintiff's arm, and attempts to look down the plaintiff's dress, were insufficient to support hostile-environment claim).

The Supreme Court has identified four factors that should be considered in determining whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

Considering the totality of the circumstances in this case, the evidence is far short of the type of conduct that is legally actionable. There is no evidence that Papaleo's and Boyes's conduct interfered with or impacted Gonzales's work performance or her opportunity to succeed in the workplace. There is no evidence of any physical touching. There were a total of six comments during a four-month period of her nineteen-month employment.

The Fifth Circuit has rejected sexual-harassment claims based on conduct that is easily deemed more serious than the conduct at issue in this case. *See e.g., Shepherd*, 168 F.3d at 871–75 (and cases cited therein at 875); *Indest*, 164 F.3d at 264–67 (noting it was "dubious" whether several sexually oriented comments and gestures and an implied threat of retaliation for refusing a sexual advance would be sufficient to establish a hostile environment).

The court finds that Gonzales has failed to raise a genuine issue of material fact that the comments made to her affected any "terms, conditions, or privileges" of her employment.

Accordingly,

IT IS ORDERED that Defendant Sea-Mar, Inc.' Motion for Summary Judgment is **GRANTED**, dismissing all of plaintiff's claims. Sea–Mar, Inc.'s request that plaintiff pay all costs and expenses incurred in the filing of the motion for summary judgment is **DENIED**.