**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 16, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))
No. 05-30526
Summary Calendar
)))))))))))))))))))))))))))

BULK PACK, INC., ET AL.,

Plaintiffs-Appellants,

versus

FIDELITY & DEPOSIT COMPANY OF MARYLAND;
ET AL.,

Defendants-Appellees,

─────────────────────────────────────────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CV-01079-RGJ-JDK

─────────────────────────────────────────────

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

The question presented in this case is whether the district court erred in granting summary judgment for Appellees Zurich American Insurance Company and its subsidiary, Fidelity and Deposit Company of Maryland, on Appellants' claim that the insurers wrongfully denied coverage of a loss. Because we find that summary judgment was properly granted, we AFFIRM the district court's

─────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ruling.

I.   BACKGROUND

Appellees issued a commercial crime insurance policy to Bulk Pack, Inc. ("Bulk Pack") and its operation in Mexico, Bulk-Pack de Mexico, S. de R.L. de C.V. ("Bulk-Pack de Mexico"), covering, *inter alia*, acts of employee dishonesty.  In September 2003, Appellants discovered that Greg Garcia, a Bulk-Pack de Mexico employee, had embezzled $411,932.24.  Appellants contend that Garcia inflated weekly requests for money transfers for operating expenses at the Mexico location.  Consequently, Darryl DeCelle, a Bulk Pack employee, in Monroe, Louisiana, transferred money from Bulk Pack's BankOne Account in the United States to its BankOne Account in Mexico, where dollars were exchanged for Mexican pesos to be used by Bulk-Pack de Mexico for operations expenses.  Garcia transferred the surplusage to his own account.  Upon receiving Appellants' proof of loss, Appellees denied coverage.  Although there is no dispute as to the fact that theft occurred, the parties' disagreement involves the policy's territorial exclusion provision, which limits coverage to certain geographic regions.[1]

The original petition for damages was filed in the Ouachita Parish, Louisiana Fourth Judicial District Court on April 21, 2004.

---

[1] The provision states, "This insurance covers only acts committed or events occurring within the United States of America, U.S. Virgin Islands, Puerto Rico, Canal Zone, or Canada."

The case was properly removed to federal district court pursuant to 28 U.S.C. § 1332. After discovery, the parties filed cross-motions for summary judgment. The district court adopted the magistrate judge's report and recommendation on the issue being appealed, whether the policy covers Greg Garcia's thievery, and granted summary judgment in favor of Appellees.

II. <u>STANDARD OF REVIEW FOR SUMMARY JUDGMENT</u>

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999).

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence.

*Anderson*, 477 U.S. at 251.  A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  *See Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999).

III. <u>DISCUSSION</u>

Appellants argue that although the term "occurring," which appears in the territorial exclusion provision, is not defined, the policy does provide a definition for the term "occurrence."[2] Therefore, they contend that the policy's definition of "occurrence" should be applied to the term "occurring."  As a result, Appellants assert that because funds were transferred by DeCelle from Monroe, Louisiana, some of the events occurred in the United States, and should be covered under the policy.  Additionally, Appellants analogize cases dealing with venue in the context of federal mail and wire fraud to their argument that because actions took place in Louisiana, events under the policy occurred in Louisiana. Appellees, on the other hand, argue that Appellants' reliance on venue cases is misplaced and that while Garcia inflated estimates of Bulk-Pack de Mexico's operations expenses, he embezzled the funds when he transferred funds from Bulk-Pack de Mexico's Mexican Bank account to his own personal account.  Specifically, Appellees assert that because the illegal transfer of funds occurred in Mexico, and

---

[2] The policy defines occurrence as "all loss caused by, or involving, one or more 'employees', whether the result of a single act or a series of acts."

-4-

not the United States, the policy does not cover the $411,932.24 loss.

Under Louisiana law,[3] courts should construe insurance policies using the familiar principles of contract interpretation. *Times-Picayune Publ'g Corp. v. Zurich Am. Ins. Co.*, 421 F.3d 328, 331 (5th Cir. 2005) (quoting *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir.1990)). The words of the policy reflect the parties' intentions and determine the extent of coverage. *Id.* at 331-32. The words "are to be construed in their plain, ordinary, and popular sense." *Calcasieu-Marine Nat'l Bank of Lake Charles v. Am. Employers' Ins. Co.*, 533 F.2d 290, 296 (5th Cir. 1976). Finally, "the court should consider the policy as a whole, and interpret the policy to fulfill the reasonable expectations of the parties in the light of the customs and usages of the industry." *Times-Picayune*, 421 F.3d at 331(quoting *Trinity Indus.*, 916 F.2d at 269.)).

We agree with the findings of the magistrate judge, as adopted by the district court, that the terms of the policy are clear and unambiguous. The policy covers loss due to employee dishonesty committed within the United States, the Virgin Islands, Puerto Rico, the Canal Zone, and Canada. The words of the policy do not reflect

---

[3] Because this case falls within federal diversity jurisdiction, we must apply Louisiana law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

an agreement to provide coverage for acts committed in Mexico. Moreover, there has been no allegation of dishonesty on the part of DeCelle, the Bulk Pack employee in Louisiana. The fact that Decelle, in accordance with his job description, transferred funds from the United States, is not dispositive. The dishonest acts – the request for inflated funds and the transfer of money from Bulk-Pack de Mexico's Mexican Bank account to Garcia's personal account – both occurred in Mexico.

IV. <u>CONCLUSION</u>

For the foregoing reasons, we AFFIRM the judgment of the district court as to all claims.

AFFIRMED.