Ronelle **WILKINSON**

v.

**John E. POTTER.**

**Civil Action Number 04–93–FJP–SCR.**

United States District Court,
M.D. Louisiana.

July 27, 2006.

---

J. Courtney Wilson, Attorney at Law, Metairie, LA, for Ronelle Wilkinson.

Helina S. Dayries, United States Attorney's Office, Baton Rouge, LA, Kimberly C. Blanton, U.S. Postal Service, Law Department, Dallas, TX, for John E. Potter.

### *RULING ON DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT*

POLOZOLA, District Judge.

Defendant John E. Potter has filed a Renewed Motion for Summary Judgment.[1] The plaintiff filed an opposition to the motion.[2] After having oral argument on the motion and considering the briefs of the parties, the Court grants defendant's renewed motion for summary judgment for the following reasons.

On November 8, 2005, the Court granted defendant's motion to dismiss and/or motion for summary judgment[3] on plaintiff's racial harassment claims and hostile work environment claims in 1999, 2000, 2001.[4] The Court further denied defendant's motion for summary judgment without prejudice on plaintiff's timely filed hostile work environment claims. However,

1. Rec. Doc. No. 92.

2. Rec. Doc. No. 98.

3. Rec. Doc. No. 18.

4. Rec. Doc. No. 64.

the Court noted for the record that if plaintiff could not produce a witness to support her arguments, the Court would revisit the defendant's motion for summary judgment.[5] After the final pretrial order was filed and the final pretrial conference was held, the Court granted defendant's motion for leave to file a renewed motion for summary judgment which is now pending before the Court.

## I. Factual Background:[6]

Plaintiff Ronelle Wilkinson ("Wilkinson") filed this action against John E. Potter ("Potter"), the Post Master General, alleging claims of sexual[7] and racial[8] harassment in violation of Title VII.[9] Wilkinson is a Caucasian female who has been employed and remains employed by the United States Postal Service since 1988.

From October 5, 2002, to May 28, 2004, plaintiff worked as a Parcel Post Distribution Machine Operator on Tour I at the General Mail Facility Processing and Distribution Center ("GMF") located in Baton Rouge, Louisiana. Her primary work duties included working on the Small Parcel and Bundle Sorter ("SPBS") machine. The SPBS machine has four computer operators who input the zip codes from the mail on a keypad, and the mail is then placed on a belt and sorted into a sack or container. The SPBS machine has two employees on each side who replace a full mail container with an empty mail container and the employees also clear mechanical jams. These employees are referred to as sweepers. On the SPBS machine, the employees work on a constant rotation. An employee works 40 minutes on the key coding station and will sweep for 20 minutes.

A Parcel Post Distribution Machine operator may also work on the Linear Integrated Parcel Sorter ("LIPS") machine if more than six employees are scheduled on the work shift. The LIPS machine has two key coding stations where two employees input the zip codes from the mail on a keypad. The mail is placed on a roller and then sorted into a sack or a container. The scheduling on the LIPS machine is also based on a rotation. Derrick Giles ("Giles") is a Mail Processing Equipment Mechanic ("MPE Mechanic") employed by the United States Postal Service at the same facility. MPE Mechanics usually have 2–4 hours of assigned tasks and then spend 4–6 hours responding to calls and performing operational maintenance on the machines. With respect to the maintenance calls, plaintiff that it is normal for more than one mechanic to respond to a

---

5. *Id.*

6. The Court should note that plaintiff failed to respond to defendant's statement of uncontested material facts (Rec.Doc. No. 93). Pursuant to LR56.2, defendant's statement of material facts should be deemed admitted.

    *LR56.2 Opposition to Summary Judgment*
    Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

7. Plaintiff's hostile work environment claims arising in 1999, 2000, and 2001 were dismissed pursuant to defendant's initial motion to dismiss and/or motion for summary judgment (Rec.Doc. No. 18). See Minute Entry from oral argument held on December 8, 2005 (Rec.Doc. No. 64).

8. Plaintiff's racial harassment claims were dismissed pursuant to defendant's initial motion to dismiss and/or motion for summary judgment (Rec.Doc. No. 18). See Minute Entries from oral arguments held on July 11, 2005 (Rec.Doc. No. 46), and December 8, 2005 (Rec.Doc. No. 64).

9. 42 U.S.C. § 2000e, *et seq.*

call. The MPE mechanics are instructed to actively perform operational maintenance when they are not performing their assigned tasks or responding to calls. Generally, an MPE Mechanic on Tour I would perform operational maintenance in the SPBS area at least once during his eight hour work shift. Also, an MPE Mechanic would primarily respond to maintenance calls for the LIPS machine, and a mechanic would also pass by the LIPS machine during the course of his shift to ensure that it is running properly during the night. The SPBS area where plaintiff worked is one of the areas where Giles is required to perform operational maintenance as an MPE Mechanic.

On February 5, 2003, plaintiff reported that Giles touched her arm when she passed him. On October 22, 2003, plaintiff stated that she was working at a SPBS key coding station and Giles was 10 feet away from her when he pointed a metal rod at her for two to three seconds. Plaintiff admits that Giles did not say anything to her when he pointed the stick. Plaintiff further admits that the last time Giles spoke to her was sometime before February 2001. Plaintiff also alleges that there was ongoing daily staring by Giles in her work area and that there were unnecessary appearances by Giles in her work area, in addition to the one incident where Giles touched her arm and allegedly pointed a metal rod at her. Defendant has denied that any of Giles' alleged actions constitute a hostile work environment.

## II. The Pending Motion for Summary Judgment

In his renewed motion for summary judgment, defendant claims that plaintiff failed to prove the fourth element of her hostile work environment claim. Defendant specifically argues that the alleged sexually harassing conduct by Giles was not so severe or pervasive as to alter a term, condition, or privilege of employment. Defendant concedes that although plaintiff may be able to show that she was actually offended by Giles' conduct to satisfy the subjective element, plaintiff failed to establish that a reasonable person would have been offended by the conduct which is the objective element.

The defendant also argues that while plaintiff lists seven coworkers in the pretrial order [10] as her witnesses, none of these coworkers witnessed the alleged harassing conduct though each had ample time and opportunity to do so. In addition, defendant contends that the plaintiff has failed to produce summary judgment type evidence that Giles made unnecessary appearances in her work area.

As noted earlier, the plaintiff has filed an opposition to defendant's renewed motion for summary judgment although she failed to object to defendant's statement of material facts not in dispute as required by the local rules of this Court.[11] Plaintiff initially opposed defendant's motion for summary judgment on the procedural ground that defendant bases his motion on unilateral, post-deadline discovery not made available to plaintiff. Plaintiff also relies on Rule 60(b) of the Federal Rules of Civil Procedure to support her argument that the motion for summary judgment should not be reconsidered. Both of these arguments are frivolous, and plaintiff concedes that Rule 60(b) is not applicable.

**10.** Rec. Doc. No. 69.

**11.** Even if plaintiff would have complied with the local rules of court, the summary judgment evidence presented clearly shows that there are no material issues of fact in dispute and defendant is entitled to summary judgment as a matter of law under the facts of this case.

Plaintiff also argues that she can establish that any reasonable person in her position would have been offended by Giles' conduct, satisfying the objective element, because plaintiff was undergoing treatment for the prior unrelated stalking incident. Finally, plaintiff argues that Giles' unnecessary appearances are not simply a subjective opinion of hers. Rather, she argues that Giles came into her work area more often than other mechanics, stayed longer, threatened her with a stick, and rarely ever appeared again in her former work area after her transfer from the work area.

## III. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [12] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." [13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." [14] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." [15]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[16] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[17] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." [18] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." [19] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[20]

In order to determine whether or not summary judgment should be granted, an

**12.** Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir.1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir.1996).

**13.** *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). See also *Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir.1995).

**14.** *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2552).

**15.** *Id.* at 1075.

**16.** *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir.1996).

**17.** *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

**18.** *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

**19.** *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir.1995).

**20.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[21]

## IV. Plaintiff's Procedural Objection to Defendant's Renewed Motion

### A. Post-Deadline Discovery Not Available to Plaintiff

■ The discovery deadline of December 31, 2004, set forth by the Court in the scheduling order,[22] establishes the deadline for the parties to complete *formal* discovery. There is absolutely nothing in this scheduling order which prevents counsel for both parties from investigating their respective cases, or obtaining affidavits or statements from any potential witnesses. The Court's sequestration order[23] clearly states that witnesses may talk to any of the lawyers in the case, but are not required to do so.

Plaintiff listed numerous co-workers as her witnesses in the pre-trial order[24] filed with the Court on January 17, 2006. The Court must and does assume that plaintiff was fully aware of the testimony these witnesses would provide regarding her claims. It is clear that these witnesses are SPBS operators and, like plaintiff, are not competent to testify regarding any alleged unnecessary appearances by Giles in plaintiff's work area. It is also clear that plaintiff failed to set forth any witnesses from the maintenance department in her final pretrial order who could testify regarding these alleged unnecessary appearances, nor did plaintiff submit any summary judgment type evidence on this issue in opposition to defendant's motion for summary judgment although counsel for plaintiff did admit during oral argument that he spoke privately with numerous employees of the Post Office after the discovery deadline and prior to the oral argument on the motion.

### B. Rule 60(b) of the Federal Rules of Civil Procedure

Plaintiff's reliance on Rule 60(b) is clearly misplaced and frivolous, and counsel for plaintiff conceded this point during oral argument. Rule 60 governs relief from a judgment or an order issued by a district court. This rule does not apply to the pending motion for summary judgment.

## V. Plaintiff's Hostile Work Environment Claims

■ The Court now turns to a discussion of the validity of plaintiff's remaining claims. As previously noted above, plaintiff's remaining claims include allegations of ongoing daily staring in her work area by Giles, unnecessary appearances by Giles in her work area, one incident where Giles touched her arm, and one incident where Giles pointed a stick at her.

■ In *Woods v. Delta Beverage Group, Inc.*, the Fifth Circuit Court of Appeals stated that "a plaintiff may establish a Title VII violation by proving that sex discrimination has created a hostile or abusive working environment."[25] To establish a hostile work environment claim, plaintiff must prove that: (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; (4) the harass-

---

21. *Id.* at 248, 106 S.Ct. at 2510.

22. Rec. Doc. No. 5.

23. Rec. Doc. No. 78.

24. Rec. Doc. No. 69.

25. 274 F.3d 295, 298 (5th Cir.2001).

ment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.[26] Plaintiff has failed to prove all five elements on each claim at issue in this case. Primarily, plaintiff failed to establish that she was subject to unwelcome harassment. In addition, plaintiff failed to establish that the purported harassment affected a term, condition, or privilege of her employment.

■ In *Meritor Savings Bank v. Vinson*, the United States Supreme Court held that in order to establish actionable harassment, such conduct must be sufficiently severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment.[27] An employee need not suffer the loss of pay, benefits, or the job itself in order to have a claim for sexual harassment. The Court further held that in order to establish actionable harassment, the conduct must be both subjectively and objectively offensive.[28] Specifically, plaintiff must prove that a reasonable person would have been offended by the conduct (objective element), and she must also prove that she was actually offended by the conduct (subjective element).[29] Whether an environment is hostile or abusive is determined by looking at all of the circumstances, including the "frequency of the discriminatory conduct; whether it is physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an employee's work performance."[30]

### A. Ongoing Daily Staring by Giles in Plaintiff's Work Area

Plaintiff failed to prove or create a material issue of fact that she was subject to unwelcome harassment. Other than her own self-serving affidavit and statements made in her deposition, plaintiff has failed to come forward with any evidence supporting this claim. A review of the evidence now pending before the Court supports the Court's ruling.

From October 2002 to May 2004, James Szolis ("Szolis") worked with plaintiff on a daily basis. In his affidavit, Szolis stated that he watched Giles when he was in their work area. He noted that were several occasions when Giles was in their work area and plaintiff was upset, bothered, and cried. However, Szolis never saw Giles look, stare, or even glare at plaintiff on those occasions. In fact, Szolis stated that Giles was simply working on the equipment when he saw plaintiff upset.

From October 2002 to May 2004, Karen McGraw ("McGraw") worked with plaintiff three days during the week. In her affidavit, McGraw stated that she watched Giles when he was in their work area. For several months, McGraw stated she watched Giles to see if he would look or

**26.** *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 434 (5th Cir.2005), citing *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir.2001).

**27.** 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).

In *Harvill v. Westward Communications, L.L.C.*, the Fifth Circuit Court of Appeals clarified though it may have previously cited the standard as "severe AND pervasive," the ap-

propriate standard is "severe OR pervasive." 433 F.3d 428, 434 (5th Cir.2005).

**28.** *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998).

**29.** *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993).

**30.** *Id.* at 23, 114 S.Ct. 367.

stare at plaintiff, and observed Giles staring at plaintiff on only one day.

The other co-workers listed as plaintiff's witnesses in the pretrial order were Stanley Thomas ("Thomas"), Randall Cage ("Cage"), Elmonia Collins ("Collins"), Keith Edwards ("Edwards"), and Rhonda Ryburn ("Ryburn"). At varying periods between October 2002 to May 2004, these co-workers worked with plaintiff for anywhere from three to five days during the work week, and no one ever saw Giles look or stare at plaintiff.

Plaintiff attempted to refute the evidence set forth above with the proposition that no other employees were able to adequately view Giles and his alleged harassing stares from their respective vantage points, except for plaintiff. This is pure speculation and conjecture on plaintiff's part. Plaintiff had ample opportunity to depose the witnesses or obtain affidavits to support her beliefs but failed to do so. The clear evidence in the record is that plaintiff's co-workers saw or heard nothing that would prove that plaintiff was subjected to a hostile work environment.

In the alternative, and assuming plaintiff did create a genuine issue of material fact as to whether or not she was subject to ongoing daily staring by Giles in her work area, plaintiff has failed to prove that the purported harassment affected a term, condition, or privilege of her employment. Defendant concedes that though plaintiff may be able to show that she was actually offended by Giles' conduct, plaintiff cannot show that a reasonable person would have been offended by the conduct. The Court agrees.

The Fifth Circuit Court of Appeals has declined to recognize conduct more egregious than that allegedly committed by Giles as actionable sexual harassment on prior occasions.[31] Most notably, the court in *Shepherd v. Comptroller of Public Accounts of the State of Texas*, affirmed summary judgment in favor of the employer and held that the plaintiff failed to show that the alleged conduct was severe or pervasive as to alter a term, condition, or privilege of employment.[32] In that case, the plaintiff alleged that a male co-worker harassed her over a period of two years when he stared at her, touched her arm on several occasions, rubbed one of his hands from his shoulder down to her wrist while standing beside her, and made graphic remarks to plaintiff. The allegations in the *Shepherd* case are clearly much more severe or pervasive than those in the instant case where there was only one incident of touching on an arm, no verbal graphic remarks, and according to the evidence, very few instances of staring.

Plaintiff argues that her treatment for an anxiety-depression disorder, diagnosed before she met Giles due to previous alleged stalking by a co-worker, should be taken into consideration under the objective standard. In other words, plaintiff argues that Giles' alleged conduct should be examined from the perspective of a reasonable person in plaintiff's position.[33] Assuming without deciding plaintiff's argument has merit, the Court has already found that evidence of plaintiff's alleged stalking by another coworker on a prior occasion unrelated to Giles is irrelevant and thus inadmissible under the Federal

---

**31.** See e.g., *Williams v. U.S. Dept. of Navy*, 149 Fed.Appx. 264 (5th Cir.2005); *Hockman v. Westward Communications, L.L.C.*, 407 F.3d 317 (5th Cir.2004).

**32.** 168 F.3d 871 (5th Cir.1999).

**33.** *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 1003, 140 L.Ed.2d 201 (1998).

Rules of Evidence.[34] Plaintiff has failed to cite any legal authority to support an actionable harassment claim by Giles, and has also failed to produce any evidence to establish her claim or create a material issue of fact in dispute.

### B. *Unnecessary Appearances by Giles in Plaintiff's Work Area*

As mentioned above, plaintiff failed to prove that she was subject to unwelcome harassment. Other than her own self-serving testimony, plaintiff has failed to come forward with any summary judgment evidence to support this claim. Plaintiff failed to present testimony from those in charge of supervising Giles that he was not supposed to be in the work area where the plaintiff worked.

Plaintiff alleges that Giles made necessary appearances in her work area 1–2 times per week and purported unnecessary appearances in her work area 2–3 times per week. It is clear that plaintiff's work area is one of the areas where Giles would be required to perform operational maintenance as an MPE Mechanic. Plaintiff admitted that she is unaware of Giles' duties as a mechanic and failed to present evidence from those employees who were aware of Giles' duties. Therefore, plaintiff failed to present competent summary judgment evidence that Giles made any unnecessary appearances in her work area.

Assuming in the alternative that plaintiff did create a genuine issue of material fact as to whether or not she was subjected to unnecessary appearances by Giles in her work area, plaintiff failed to prove or create a material issue of fact in dispute that the purported harassment affected a term, condition, or privilege of her employment.[35]

### C. *Incidents Where Giles Allegedly Touched Plaintiff's Arm and Pointed a Metal Rod at Plaintiff when He was 10 Feet Away*

It is unclear from the record whether or not defendant concedes that Giles touched plaintiff's arm when she passed him on February 5, 2003. Plaintiff also contends that Giles pointed a stick at her on one occasion. Except for plaintiff's self-serving testimony, there was no other evidence presented that she was subject to an unwelcome touching or to a threat by Giles. Assuming that both of these incidents may have occurred, plaintiff failed to prove that these two isolated incidents affected a term, condition, or privilege of her employment. In *Clark County School District v. Breeden*, the United States Supreme Court held that isolated incidents, unless extremely serious, will not amount to discriminatory changes in the terms and conditions of employment.[36] The two incidents at issue in this matter are clearly isolated incidents that are not extremely serious and do not amount to discriminatory changes in the terms and conditions of plaintiff's employment.

### Summary and Conclusion:

For reasons set forth above, the Court finds that plaintiff has failed to establish a genuine issue of material fact in dispute and defendant is entitled to summary judgment as a matter of law under the facts of this case.[37]

---

**34.** Rec. Doc. No. 95.

**35.** See previous discussion in Section V Subsection A.

**36.** 532 U.S. 268, 271, 121 S.Ct. 1508, 1510, 149 L.Ed.2d 509 (2001).

**37.** The Court must note that the defendant thoroughly investigated plaintiff's claims and in a very voluminous report found that plaintiff's claims were without merit.

Therefore:

IT IS ORDERED that defendant's renewed motion for summary judgment is granted, and plaintiff's suit is dismissed with prejudice.[38]

38. Since the Court has granted defendant's motion for summary judgment, the parties need not file the materials which are due July 28, 2006. The trial scheduled for August 15, 2006, is cancelled.