**Revised March 17, 1999**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-20171

_____

DEBRA JEAN SHEPHERD,

Plaintiff-Appellant,

versus

THE COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE
OF TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

March 16, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Debra Jean Shepherd ("Shepherd") brought this action against her employer, the Comptroller of Public Accounts of the State of Texas ("Comptroller"), alleging a sexually hostile working environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Shepherd appeals the district court's grant of the Comptroller's Motion for Summary Judgment. We affirm.

I

Shepherd is employed by the Comptroller as a Tax Payer Service Person. Shepherd met co-worker Jodie Moore when he transferred into her office from a different agency. Shepherd became engaged to Moore's brother-in-law, Darrell Gilmore, and Shepherd claimed in her deposition that Moore began to sexually harass her thereafter. According to Shepherd's deposition, on one occasion Moore stood in front of Shepherd's desk and remarked "your elbows are the same color as your nipples." Shepherd testified that Moore remarked once "you have big thighs" while he simulated looking under her dress. Shepherd claimed Moore stood over her desk on several occasions and attempted to look down her clothing. According to Shepherd, Moore touched her arm on several occasions, rubbing one of his hands from her shoulder down to her wrist while standing beside her. Shepherd alleged additionally that on two occasions, when Shepherd looked for a seat after coming in late to an office meeting, Moore patted his lap and remarked "here's your seat." Shepherd testified that Moore never propositioned her, asked her out on a date, or suggested that he would like to sleep with her. The touching stopped when Moore was reassigned to a different agency. Shepherd affirmed that, apart from the above instances, she engaged in friendly discussions with Moore on almost a daily basis and had a friendly relation with him at work and outside of work.

The conduct about which Shepherd complains allegedly took place for almost two years. The Comptroller had a sexual harassment policy in place that urged employees to report sexual harassment to their supervisors or to the Employee Assistance Liaison. After a year, Shepherd complained to her supervisor that Moore harassed her, although she did not mention the sexual nature of the harassment. Shepherd raised complaints about the sexual nature of the harassment immediately after receiving an unfavorable evaluation of her work product, and she blamed Moore for her poor

performance. The Comptroller performed an investigation, and Moore denied the conduct. The investigation led to the transfer of Moore to a different location. Shepherd continues to work for the Comptroller.

Shepherd filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that discrimination based on sex created a hostile work environment in violation of Title VII. The EEOC issued Shepherd a right-to-sue letter, and Shepherd filed suit in state court. After the Comptroller removed to federal district court, the Comptroller moved for summary judgment, arguing that the facts did not rise to the level of actionable hostile work environment, and alternatively, that the Comptroller took prompt, effective remedial action once it learned of Shepherd's allegations. The district court entered a final judgment against Shepherd from which she has timely appealed.

II

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49 (1986). There are five elements necessary to set forth a hostile environment claim: (1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (3) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *See Jones v. Flagship Int'l*,

793 F.2d 714, 719-20 (5th Cir. 1986); s*ee also Sharp v. City of Houston,* 164 F.3d 923, 929 (5th Cir. 1999) (stating that the fifth element remains undisturbed).

Shepherd contends that the district court erred in granting summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). In its motion for summary judgment, the Comptroller argued that there is no genuine issue of material fact regarding two elements of Shepherd's claim. The Comptroller argued that the harassment did not affect a "term, condition, or privilege" of employment, and that it took prompt, effective remedial action once it learned of Shepherd's allegations. On appeal, Shepherd challenges each of the arguments advanced by the Comptroller in favor of summary judgment.[1] We review a district court's grant of summary judgment *de novo,* applying the same standard as the district court. *See Duffy v. Leading Edge Prods., Inc.,* 44 F.3d 308, 312 (5th Cir. 1995).

We turn to whether Shepherd has raised a genuine issue that Moore's harassment affected a "term, condition, or privilege" of her employment. The Supreme Court explained in *Meritor* that, "[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the

---

[1] We may affirm a grant of summary judgment on any ground raised to the district court and upon which both parties had the opportunity to present evidence. *See Brown v. CSC Logic, Inc.,* 82 F.3d 651, 653-54 (5th Cir. 1996). We are uncertain of the district court's reasons for the judgment against Shepherd because the district court did not issue an opinion. Although district court judges are not required to specify a reason for a grant of summary judgment, we urge them to do so in order to allow the parties to focus their arguments on appeal. *See Erco Indus. Ltd. v. Seaboard Coast Line R.R. Co.*, 644 F.2d 424, 434 (5th Cir. 1981) ("the parties are entitled to know the reasons upon which the summary judgment was based in order to facilitate appellate review").

conditions of [the victim's] employment and create an abusive working environment.'" 477 U.S. at 67, 106 S. Ct. at 2403 (citation omitted). Not all harassment will affect a term, condition, or privilege of employment. *See id.* The "'mere utterance of an . . . epithet which engenders offensive feelings in a employee' does not sufficiently affect the conditions of employment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993) (quoting *Meritor,* 477 U.S. at 67, 106 S. Ct. at 2405). "A recurring point in [Supreme Court] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 7750, __, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998) (citation omitted). Whether an environment is "hostile" or "abusive" is determined by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *See Harris*, 510 U.S. at 23, 114 S. Ct. at 371. To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so. *See id.* at 21-22, 114 S. Ct. at 370.

Whether Moore's comments and actions rendered Shepherd's working environment objectively "hostile" or "abusive" must be considered in light of the totality of the circumstances. Shepherd alleges that Moore's harassing actions spanned a period of time over a year. Even if the conduct occurred with some regularity over this time period, we must also consider the other factors that contribute to whether an environment is hostile. We agree with Shepherd that the comments made by Moore were boorish and offensive. The comments, however, were not severe. We find

each comment made by Moore to be the equivalent of a mere utterance of an epithet that engenders offensive feelings. *See id.* at 21, 114 S. Ct. at 370. In *Adusumilli v. City of Chicago*, the Seventh Circuit considered averments of conduct similar to Moore's, including several incidents that involved staring and unwanted touching between the elbow and shoulder. *See Adusumilli,* 164 F.3d 353, 357 (7th Cir. 1998). The court noted that "the most salient feature of the harassment is its lack of severity." *Id.* at 361. The court concluded that the conduct was too tepid to amount to actionable harassment. *See id.* at 362. We find similarly that Moore's stares and the incidents in which he touched Shepherd's arm, although they occurred intermittently for a period of time, were not severe. None of Moore's actions physically threatened Shepherd. Nor would Moore's conduct interfere unreasonably with a reasonable person's work performance. Furthermore, Moore's actions did not undermine Shepherd's workplace competence. *See Butler v. Ysleta Indep. Sch. Dist.,* 161 F.3d 263, 269 (5th Cir. 1998) (considering, in addition to the other factors, that "[a] plaintiff . . . must show that implicit or explicit in the sexual content is the message that the plaintiff is incompetent because of her sex").

"Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace." *Weller v. Citation Oil & Gas Corp.,* 84 F.3d 191,194 (5th Cir. 1996), *cert. denied*, __ U.S. __, 117 S. Ct. 682, 136 L. Ed. 2d 607 (1997). Moore's harassing actions, although offensive, are not the type of extreme conduct that would prevent Shepherd from succeeding in the workplace. *See Faragher v. City of Boca Raton,* 524 U.S. 775, __, 118 S. Ct. 2275, 2284, 141 L. Ed. 2d 662 (1998) ("We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment."). We find, based on a consideration of all of the circumstances, that Moore's conduct did not render

Shepherd's work environment objectively "hostile" or "abusive."

Shepherd's claim involves far less objectionable circumstances than those for which courts afford relief. Moore's comments were not as frequent or as serious as comments that we have found to alter the work environment. *See Farpella-Crosby v. Horizon Health Care,* 97 F.3d 803, 806 (5th Cir. 1996) (finding that frequent egregious comments about sexual proclivity created hostile environment); *cf. Long v. Eastfield College,* 88 F.3d 300, 309 (5th Cir. 1996) (finding single joke involving condoms insufficient to create hostile environment). The touching of Shepherd's shoulder is not the type of severe conduct that courts have found to create a hostile environment. *See, e.g., Waltman v. International Paper Co.,* 875 F.2d 468, 478 (5th Cir. 1989) (concluding hostile environment existed where female employee sexually groped repeatedly); *Hall v. Gus Const. Co.,* 842 F.2d 1010, 1012 (8th Cir. 1988) (finding hostile environment where male coworkers cornered women and rubbed their thighs, grabbed their breasts, and held a woman so that a man could touch her). There is no evidence of an atmosphere of sexual inequality at the Comptroller's office. *See DeAngelis v. El Paso Mun. Police Officers Ass'n,* 51 F.3d 591, 596 (5th Cir. 1995) (considering this factor when comparing cases). The Comptroller has a sexual harassment policy in place and educates new employees about the policy. Furthermore, Shepherd does not allege that supervisors or co-workers other than Moore engaged in the harassment. *See id.* (same). The comparison to other cases bolsters our conclusion that, based on the totality of the circumstances, Shepherd has not demonstrated a genuine issue that the harassment created a "hostile" or "abusive" working environment.

Viewing the harassment in light of existing caselaw, we hold that Shepherd has not raised a genuine issue that the harassment affected a "term, condition, or privilege" of employment. Thus,

we do not reach the question of whether the Comptroller knew or should have known of the harassment and failed to take prompt remedial action.  We AFFIRM the grant of summary judgment by the district court.