**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-11239
Summary Calendar

_____

TINA ANTOINE-TUBBS,

Plaintiff-Appellant,

versus

LOCAL 513, AIR TRANSPORT DIVISION, TRANSPORT
WORKERS OF AMERICA, AFL-CIO; AMERICAN AIRLINES,
INC; AMERICAN FEDERATION OF LABOR AND CONGRESS
OF INDUSTRIAL ORGANIZATIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-572-P)

_____

July 19, 1999

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Tina Antoine-Tubbs ("Tubbs"), appeals the district court's grant of

summary judgment in favor of Defendant-Appellee, American Airlines, Inc. ("American"). We affirm.

I

Tubbs worked as a building cleaner and then as a fleet service clerk for American. Tubbs

brought suit claiming that American intentionally inflicted emotional distress upon her, that American

discriminated against her on the basis of her sex and race, and that American violated the Family

Medical Leave Act. The district court granted American summary judgment on each of Tubbs'

claims. Tubbs timely appealed. On appeal, Tubbs argues that the district court erred for three

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons.

First, Tubbs claims that the district court erred in granting summary judgment on her intentional infliction of emotional distress claim. Tubbs specifically argues that the district court erroneously excluded the testimony of her expert witness, Dr. Rhodesia LaStrap. Dr. LaStrap testified that American's conduct resulted in work-related stress that caused Tubbs to develop preeclampsia and miscarry her child. The district court found Dr. LaStrap's testimony inadmissable under *Daubert v. Merrell Dow Chemical Co.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and concluded that, without Dr. LaStrap's testimony, Tubbs presented no evidence that American's conduct caused Tubbs emotional distress.

We review the district court's decision to exclude Dr. LaStrap's testimony for abuse of discretion. *See Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 274 (5th Cir. 1998) (en banc). Under *Daubert*, the district court must perform a gatekeeping role and "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert*, 509 U.S. at 589, 113 S. Ct. at 2795, 125 L. Ed. 2d at __.

The record shows that Dr. LaStrap did not possess specialized knowledge of preeclampsia, and did not rely on medical studies or literature in support of her expert opinion that American's conduct caused the severe preeclampsia that led to the death of Tubbs' baby. Thus, Dr. LaStrap's testimony was unreliable, and the district court did not abuse its discretion in excluding her testimony. *See Tanner v. Westbrook, M.D.*, No. 97-60416, 1999 WL 246712 at *6 (5th Cir. Apr. 27, 1999) (concluding that district court abused its discretion in admitting expert testimony where the expert "did not have the kind of specialized knowledge required to testify regarding causation . . . [and did not] rely upon medical literature directly addressing the causation issue."). We agree with the district court that, except for the testimony of Dr. LaStrap, Tubbs presented no evidence that American caused her emotional distress. Accordingly, Tubbs' claim of intentional infliction of emotional distress fails. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993) (noting that to establish an intentional infliction of emotional distress claim, a plaintiff must show that the defendant's actions

caused the plaintiff emotional distress).

Second, Tubbs argues that the district court erred in denying her motion for leave to file affidavits from additional witnesses with her response to American's motion for summary judgment. The district court denied the motion because it concluded that Tubbs failed to show "good cause or substantial justification for her failure to disclose the[] witnesses prior to the close of discovery," as required by Federal Rule of Civil Procedure 37(c)(1). Tubbs contends, however, that Federal Rule of Civil Procedure 56(e) entitles her to supplement her summary judgment response with the affidavits.

We review a district court's evidentiary rulings for abuse of discretion. *See General Electric Co. v. Joiner*, 522 U.S. 136, __ 118 S.Ct. 512, 517, 139 L.Ed.2d 508, __ (1997). In this case, the record shows that Tubbs did not identify her additional witnesses prior to the close of discovery. Tubbs has offered no persuasive explanation for her failure to comply with the district court's discovery deadline. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (noting that a party's explanation for its failure to comply with the district court's discovery order is one factor that informs our determination as to whether the district court abused its discretion in excluding expert testimony). Accordingly, we hold that the district court acted within its discretion in refusing to grant Tubbs' motion for leave to file affidavits from additional witnesses. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.").

Finally, Tubbs argues that the district court erroneously granted summary judgment because, according to Tubbs, she established a material fact as to her hostile work environment sexual harassment claim. Tubbs alleged sexual harassment based upon "(1) the frequent and recurring presence of lewd and obscene drawings, pictures and graffiti in areas [where] employees would traverse, and (2) comments and touching from supervisory personnel. . . ."

To avoid dismissal of her suit, Tubbs needed to have filed her complaint with the EEOC

within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Webb v. Cardiothoracic Surgery Assoc.*, 139 F.3d 532, 537 (5th Cir. 1998). It is undisputed that, with one possible exception,[1] all of the incidents of improper comments or touching about which Tubbs complains occurred more than 300 days before Tubbs filed her EEO complaint. Moreover, even if one incident did occur within the applicable limitations period, we hold that the conduct about which Tubbs complains is insufficiently severe or pervasive to constitute actionable harassment. *See Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999) (holding that co-worker's sexual harassment did not render employee's work environment objectively hostile, where co-worker made comment about the color of plaintiff's nipples and the size of her thighs, attempted to look down her shirt, touched plaintiff's arm several times and rubbed his hand from her shoulder to her waist, and on two occasions told her too sit on his lap). With respect to the drawings, pictures and graffiti, we agree with the district court that the summary judgment evidence properly before it showed that American took prompt remedial action. *See Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986) (listing the five elements necessary to make out a hostile environment claim, including "that the employer knew or should have known of the harassment in question and failed to take prompt remedial action").

II

For the foregoing reasons, we AFFIRM the district court's summary judgment.

---

[1] Tubbs identified one comment that might have been made in either 1994 or 1989.