**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-30008
_____

DONALD R. RICHARDSON,

                              Plaintiff-Appellant,

versus

BFI WASTE SYSTEMS OF NORTH AMERICA, INC; ET AL

                              Defendants,

BFI WASTE SYSTEMS OF NORTH AMERICA, INC.

                              Defendant-Appellee.

_____

Appeal from the United States District Court
For the Middle District of Louisiana
Dist. Ct. No. 98-CV-855-A

_____

August 15, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

       Donald Richardson appeals from the grant of summary judgment on his claims of sexual

_____

       *       Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

harassment and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq*, and intentional infliction of emotional distress. Reviewing Richardson's claims *de novo*, *see Bryan v. City of Madison*, 213 F.3d 267, 272 (5th Cir. 2000), we affirm in part and reverse and remand in part.

Richardson's primary claim is that the conduct of Nathaniel Sheppard, a male co-worker at BFI Waste Systems of North America ("BFI"), created a hostile work environment. To succeed in his claim, Richardson must prove: (1) that he was subject to unwelcome sexual harassment, (2) based on sex, (3) affecting a term or condition of employment, and (4) that his employer knew or should have known of the harassment and failed to take proper remedial action. *See Shepard v. Comptroller of Public Accounts of the State of Texas*, 168 F.3d 871, 873 (5th Cir. 1999). Of these elements, BFI most seriously challenges the third element: whether any discrimination was "because of sex." The district court agreed with BFI, granting summary judgment because Richardson had "offered <u>no evidence</u> that his work place treatment was because he is a male." (emphasis in original).

Though Title VII does not prohibit discrimination on the basis of sexual orientation, the Supreme Court has made clear that same-sex harassment is prohibited by Title VII if such harassment is proven to be "because of sex." *See Oncale v. Sundowner Offshore Services Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998). Under the Court's teachings in *Oncale*, because Richardson alleges "explicit or implicit proposals of sexual activity" by someone of his gender, he can satisfy his summary judgment burden of proving discrimination "because of sex" by offering "credible evidence that the harasser [i.e. Sheppard] was homosexual." *Id.* at 80, 118 S. Ct. 998. In short, *Oncale* allows a reasonable jury to find that when a homosexual male proposes sexual activity to another male, he is doing so "because" of his target's gender.

In this case, we must reverse the district court because the record contains evidence from

which a reasonable jury could find that Sheppard was homosexual. The record contains evidence that Sheppard, *inter alia*, propositioned Richardson for oral and anal intercourse, exposed himself to Richardson, and, on at least one occasion, touched Richardson's buttocks in a sexual manner. Further, the record contains evidence that, while working at BFI, Sheppard vividly described his previous sexual activity with other men. Sheppard contests this characterization, citing his six children with four different women as proof that he is not, in fact, homosexual. However, considering the entire record in the light most favorable to Richardson, a reasonable jury could infer from his actions that Sheppard was sexually oriented toward members of the same sex and was, as a result, harassing Richardson because he was a man. *See Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1010 (7th Cir. 1999) ("Although none of these incidents necessarily proves that [the harasser] is gay . . . the connotations of sexual interest in [the plaintiff] certainly suggest that [the harasser] might be sexually oriented toward members of the same sex. That possibility in turn leaves ample room for the inference that [the harasser] harassed [the plaintiff] because [he] is a man.").

The district court alternatively dismissed Richardson's sexual harassment claim because Sheppard's harassment "was not sufficiently severe or pervasive enough to create an objectively hostile or abusive work environment that altered the terms or conditions of [Richardson's] employment." However, viewing the record in the light most favorable to Richardson, a reasonable jury could find that Sheppard's conduct was "conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *Oncale*, 523 U.S. at 82, 118 S. Ct. 998. Summary judgment on this issue was thus inappropriate.

Accordingly, we find that the district court improperly granted summary judgment on

Richardson's sexual harassment claim.  We affirm in part[1] and reverse and remand in part.

---

[1]    We affirm the grant of summary judgment on Richardson's retaliation and intentional infliction of emotional distress claims for the reasons stated by the district court.