IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-30369
Summary Calendar

———————————

PATRICIA DEROUEN,

Plaintiff-Appellant,

versus

CARQUEST AUTO PARTS, INC.; GENERAL PARTS, INC. OF LOUISIANA; GENERAL PARTS, INC.; and CARQUEST AUTO PARTS OF NEW IBERIA, INC.,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-396

———————————

September 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Patricia Derouen appeals from the grant of summary judgment in favor of the defendants on her hostile work environment and constructive discharge claims. We review a grant of summary judgment de novo, applying the same standard as the district court.[1] We may affirm a summary judgment on any ground raised by

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257 (5th Cir. 2001).

the movant below and supported by the record, even if it is not the ground relied on by the district court.[2]

Derouen has failed to raise a genuine issue of material fact to support her claim of hostile work environment resulting from sexual harassment. She claims that a co-worker attempted to grab her breast and later put his hand on and rubbed her thigh and that a customer twice made sexually threatening remarks to her.[3] She alleges that, because her supervisors did not respond to her complaints about these incidents, she thereafter resigned to avoid being further subjected to such behavior. These claims cannot be meaningfully distinguished from those we found insufficient to survive summary judgment in *Shepherd v. Comptroller of Public Accounts*.[4] As in *Shepherd*, Derouen's allegations do not rise to the level necessary, as a matter of law, to support a hostile work environment claim under this circuit's well-settled law: harassing

---

[2] *Id.* at 257-58.

[3] Because we find that the sum of these allegations does not rise to the level necessary to sustain a claim of hostile work environment, we, like the district court, assume without deciding that the first allegation regarding Derouen's co-worker's attempting to touch her breast was properly before the district court, notwithstanding the defendants' argument that this allegation was not timely raised before the EEOC.

[4] 168 F.3d 871, 874-75 (5th Cir.), *cert. denied*, 528 U.S. 963 (1999).

conduct that affects a "term, condition, or privilege" of employment.[5]

Derouen has also failed to raise a genuine issue of material fact on her constructive discharge claim. Constructive discharge requires evidence that the plaintiff's working conditions were so intolerable that a reasonable employee would feel compelled to resign.[6] To prove constructive discharge, the evidence must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment claim.[7] Because her constructive discharge claim relies on the same evidence as her hostile work environment claim, Derouen cannot survive summary judgment on this claim, either. Derouen's claim that her decision to resign was compelled by management's failure to act on her complaints does not increase the severity or pervasiveness of the harassment to which she was allegedly subjected.

The *Ellerth/Faragher* roadmap applies to supervisor sexual harassment, not the co-worker and customer sexual harassment that Derouen alleges.[8] The framework for analyzing claims of sexual

---

[5]  *Id.* at 873.

[6]  *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001).

[7]  *Id.*

[8]  *See Walker v. Thompson*, 214 F.3d 615, 626 (5th Cir. 2000); *Casiano*, 213 F.3d at 283; *see also Butler v. Ysleta Indep. Sch.*

3

harassment by co-workers remains, even after *Ellerth* and *Faragher*, the principles governing hostile work environment claims articulated in *Shepherd*.[9]  Under these principles, the district court did not err in granting summary judgment to the defendants.

AFFIRMED.

---

*Dist.*, 161 F.3d 263, 268-69 (5th Cir. 1998).

[9]  168 F.3d at 873-74; *see also Sharp v. City of Houston*, 164 F.3d 923, 929 (5th Cir. 1999) (stating that *Ellerth* and *Faragher* did not alter the negligence standard which governs employer liability for co-worker harassment).