IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20164
Summary Calendar
_____

SUZANNE BROTHERS,

Plaintiff-Appellant,

versus

TELECHECK SERVICES, INCORPORATED;
TELECHECK INTERNATIONAL INC.;
TELECHECK RECOVERY SERVICES, INC.;
PAUL PALMER; LAURA ALFORD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1985
_____

October 22, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Suzanne Brothers contends that the district court erred in granting the

defendants' motion for summary judgment and dismissing her employment

discrimination complaint because she presented evidence showing that she was

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subjected to sexual discrimination and a hostile work environment based on her pregnancy.  Brothers further maintains that she presented evidence showing that she was compelled to resign her position because of the defendants' malicious acts of discrimination and the hostile work environment.

Brothers has not addressed on appeal the district court's dismissal of her claims against TeleCheck International, Inc. and TeleCheck Recovery Services, Inc.; nor has she addressed her state law claim of the intentional infliction of emotional distress.  These claims, therefore, are deemed abandoned.[1]

Assuming that the defendants reprimanded and criticized  Brothers' conduct as she has alleged and required additional training and record keeping on her part, Brothers, nonetheless, has failed to make a prima facie showing of sexual discrimination because the conduct complained of did not amount to adverse employment action effecting her employment status.[2]

Nor did Brothers make a prima facie showing that she was constructively discharged.  When an employee resigns, she may satisfy the discharge requirement by establishing constructive discharge.[3]  To prove constructive discharge, one must show that working conditions were "so intolerable that a reasonable employee would feel compelled to resign."[4]

---

[1]Johnson v. Sawyer, 120 F.3d 1307 (5th Cir. 1997).

[2]Urbano v. Continental Airlines, Inc., 138 F.3d 204 (5th Cir. 1998).

[3]Brown v. Bunge Corp., 207 F3d 776 (5th Cir. 2000).

[4]Id. at 782.

2

Brown asserts that she was subjected to continual harassment and singled out for different treatment than that received by other employees in similar instances because of her pregnancy. The defendants submitted evidence showing that Brothers was treated like any other new employee who was performing poorly. Brothers failed to come forward with any evidence in the form of deposition testimony or affidavits establishing that other sales representatives in like circumstances were treated differently. She presented no evidence reflecting that her working conditions were so intolerable that a reasonable employee would have felt compelled to resign.

Brothers' contention that she was subjected to a hostile or abusive work environment also fails. "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex created a hostile or abusive working environment."[5] "Whether an environment is 'hostile' or 'abusive' is determined by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance."[6]

Palmer's alleged admonishments and criticisms of Brothers may have been unwarranted in some instances, and his alleged initial response to her pregnancy was offensive. The record contains no evidence, however, that Palmer continued to

---

[5]Shepherd v. The Comptroller of Public Accounts of the State of Texas, 168 F.3d 871, 873 (5th Cir. 1999).

[6]Id. at 874 (citation omitted).

3

make offensive statements concerning Brothers' pregnancy or engaged in conduct that was so extreme as to constitute a change in the terms and conditions of Brothers' employment.[7] Thus, Brothers failed to demonstrate that she was subjected to a hostile or abusive work environment.

The district court did not err in granting the defendants' motion for summary judgment and dismissing Brothers' complaint with prejudice.

AFFIRMED.

---

[7]Id.