United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30921
Summary Calendar

_____

RONELLE WILKINSON,

Plaintiff-Appellant,

versus

JOHN E POTTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-93

_____

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Ronelle Wilkinson ("Wilkinson") appeals the district court's grant of

summary judgment for defendant-appellee in this sexual harassment case, brought under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We review *de novo*, and affirm.

I.

Wilkinson argues that the district court erred, first, in finding that she did not create a

material issue of fact as to whether her co-worker Derrick Giles ("Giles") harassed her, and

second, in holding that the harassment was neither severe nor pervasive enough to establish the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

existence of a hostile and abusive workplace environment.  We hold that Wilkinson has not presented proof of a hostile and abusive work environment, and affirm.

## II.

Plaintiffs "may establish a violation of Title VII by proving discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66, 106 S. Ct. 2399, 2405 (1986).  There are five elements that a plaintiff must prove to succeed in a hostile environment claim: (1) the employee belongs to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and did not take proper remedial action.  *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999).

The district court found that Wilkinson did not establish the fourth element of her hostile environment claim.  In order to be actionable, the complained-of conduct must be severe or pervasive enough to affect a term or condition of employment.  *Meritor*, 477 U.S. at 66, 106 S. Ct. at 2405.  Simple teasing or isolated incidents, unless extremely serious, will not suffice.  *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993).  The harassment must also be "both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."  *Shepherd*, 168 F.3d at 874.  The determination of whether a working environment is "hostile" or "abusive" can be made only by looking at the totality of circumstances.  *Harris*, 510 U.S. at 23, 114 S. Ct. at 371.

In this case, the plaintiff's timely claims include (1) short, almost daily periods where Giles

2

stared at her; (2) unnecessary appearances by Giles in her work area; (3) instances where Giles would follow her as she went to replace full mailbags with empty ones; (4) an instance where Giles did not back up to allow the plaintiff and her friend to pass, and then touched the plaintiff on her arm; and (5) an instance where Giles shook a rod in the plaintiff's direction for a few seconds. Otherwise, Giles never attempted to speak to Wilkinson. These claims, even if true, do not establish the existence of an objectively hostile work environment.

In *Shepherd v. Comptroller of Pub. Accounts*, we held that a hostile or abusive working environment was not created when the plaintiff's allegations included instances of the harasser standing in front of her desk and saying "your elbows are the same color as your nipples;" simulating looking under her dress and saying "you have big thighs; attempting to look down her clothing several times; touching her on several occasions by "rubbing one of his hands from her shoulder down to her wrist;" and patting his lap and remarking "here's your seat" while the plaintiff was searching for a place to sit. 168 F.3d at 872. The court found that the claim involved "far less objectionable circumstances than those for which courts afford relief." *Id.* at 874–5. The instant case presents circumstances that are even less offensive than those in *Shepherd.* Wilkinson does not allege that Giles actually spoke to her or threatened her. Giles only touched her once, briefly, on the arm, as she passed close by him while she was walking with a friend; his most threatening acts were to brandish a rod briefly in her direction once, and to stare at her as he lingered in her work area.

Although some of the complained-of conduct apparently occurred frequently, Giles' relatively mild acts were not so threatening or humiliating as to create a hostile work environment, and his actions should not have prevented Wilkinson from succeeding in the workplace. *See*

3

*Harris*, 510 U.S. at 23, 114 S. Ct. at 371(listing factors to consider in determining whether hostile work environment exists, which may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating. . . ; and whether it unreasonably interferes with an employee's work performance"); *see also Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999) (en banc) (holding that supervisor's actions in, among other things, continually following and staring at employee did not create a hostile or abusive work environment). Thus, from an objective viewpoint, Wilkinson has not established that Giles' actions created a hostile or abusive work environment.

Wilkinson argues that the district court erred by failing to consider that Wilkinson had been stalked for two years in the late 1990s by a third party and that she was on anti-anxiety medication as a result. Wilkinson contends that the court should have considered these facts in its determination of whether the environment would reasonably be perceived as hostile and abusive because a reasonable person, considering those factors, would find that Wilkinson's work environment was hostile. *See Burlington N. & Santa Fe Ry. Co.*, 126 S. Ct. 2405, 2415-16 (2006) (describing totality of circumstances test for determining whether retaliation has occurred in violation of Title VII). Although courts should consider the social contexts in which harassment occurs, Wilkinson's argument goes too far. If courts delved so deeply into plaintiffs' psyches, it would undercut the requirement that the work environment be *objectively* hostile. *See Shepherd*, 168 F.3d at 874. Therefore, Wilkinson's argument fails.

III.

For the reasons stated above, the district court's judgment is

AFFIRMED.

4