# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2012

No. 11-50481
Summary Calendar

Lyle W. Cayce
Clerk

RAQUEL ALLARD,

Plaintiff-Appellant

v.

ERIC H. HOLDER, JR., Attorney General, United States Department of
Justice,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No: 3:09-CV-338

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bureau of Prisons ("BOP") employee Raquel Allard appeals on various
grounds the district court's grant of summary judgment against her in this
employment discrimination and retaliation action brought pursuant to Title VII
of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-50481

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. We AFFIRM.

## FACTS AND PROCEEDINGS

Allard has worked in various capacities at FCI La Tuna, a BOP facility in Anthony, Texas, since 1989. On June 23, 2005, Allard filed a discrimination complaint with an Equal Employment Opportunity ("EEO") counselor, alleging that she was discriminated against on the basis of her race, sex, age, sexual orientation, religion, and national origin when one of her superiors gave her the second highest possible, but not the highest possible, rating on a performance review. According to her supervisor, she did not rate as "outstanding," as she had in prior years, because she missed a major work assignment. On October 2, 2007, Allard filed a second EEO complaint, alleging that she was suspended from work for five days in retaliation for filing her first complaint. According to her employer, Allard was suspended after an internal investigation revealed that she failed to show up for work for a two-day period in June 2006 without notifying her supervisor of her absence. Allard later attempted to claim sick leave for the days in question but failed to produce a doctor's note justifying the leave request.

Allard's two complaints – the first relating to her performance review and the second relating to her suspension – were consolidated and heard by an administrative law judge, who issued an order on May 7, 2009, holding that Allard had failed to provide persuasive evidence that her rating was motivated by discrimination or that her suspension had resulted from retaliation and not from her failure to follow sick leave procedures.

Allard then filed the instant suit against Attorney General Eric H. Holder, Jr., in his capacity as head of the Department of Justice, of which the Bureau of Prisons is a subdivision. In her complaint, she asserted that her performance review was discriminatory and retaliatory, that her being placed on AWOL

2

No. 11-50481

status was discriminatory, that her suspension was retaliatory, and that she had been subjected to a hostile work environment.

On March 23, 2011, the district court granted Holder's motion for summary judgment. In its order, the district court dismissed Allard's claim with respect to her AWOL status because it had not been properly administratively exhausted. The court also held that Allard had failed to plead a *prima facie* case of discrimination regarding her personnel evaluation and that, at any rate, Holder had provided a legitimate, nondiscriminatory, nonpretextual reason for the evaluation. It also dismissed her claim that the personnel evaluation was retaliatory because Allard had not participated in any protected activity prior to the evaluation for which she could have been retaliated against, and dismissed her retaliation claim based on her suspension for failure to show the causation necessary to plead a *prima facie* case. Finally, the district court held that Allard had failed to plead a *prima facie* case with respect to her hostile work environment claim.

Allard now appeals. Appearing *pro se*, she argues that summary judgment was improperly granted.

## DISCUSSION

We review a district court's grant of summary judgment *de novo. LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). "Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting FED. R. CIV. P. 56(A)). We "'may affirm the district court's summary judgment on any ground raised below and supported by the record.'" *Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 365 (5th Cir. 2012) (quoting *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008)).

No. 11-50481

We agree with the district court that Allard failed to exhaust administratively her claim that she was discriminated against when she was placed on AWOL status. "As a precondition to seeking . . . judicial relief [in Title VII cases], complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). Similarly, before filing suit under the ADEA, a plaintiff must either file an EEO complaint or give notice of an intent to sue to the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201. Allard argues that she administratively exhausted this claim by challenging the suspension she was given for her absence in a later EEO complaint. However, that complaint was not filed until over a year after she was placed on AWOL status, and Allard was required to have "initiate[d] contact with a Counselor within 45 days of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Because the complaint she relies on to establish administrative exhaustion was untimely, the district court correctly dismissed Allard's claim with respect to her placement on AWOL status.

We analyze both Title VII and ADEA claims based on circumstantial evidence under the burden shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 n.2 (5th Cir. 2002). *McDonnell Douglas* first requires a plaintiff to set out a *prima facie* case of discrimination or retaliation. If the plaintiff meets that burden, the defendant must state a legitimate, nondiscriminatory reason for its allegedly discriminatory action, and, if it is able to do so, the plaintiff is left with the burden of showing that the defendant's stated reason was pretextual. *See McDonnell Douglas*, 411 U.S. at 802-05. To establish a *prima facie* case of discrimination, a plaintiff must show (1) that she was a member of a protected group; (2) that she was qualified for the position at issue;

4

(3) that she suffered an adverse employment action; and (4) that she was treated less favorably than similarly situated employees outside of her protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). To establish a *prima facie* case of retaliation, a plaintiff must show (1) that she participated in an activity protected by Title VII; (2) that she suffered an adverse employment action; and (3) that the adverse employment action was causally related to the protected activity. *Id.* at 556-57.

Allard has failed to present a *prima facie* case of discrimination or retaliation with respect to her personnel evaluation. For discrimination claims, "'[a]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting or compensating.'" *Id.* at 559 (alteration in original) (quoting *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). Allard's sub-optimal evaluation alone does not qualify as an adverse action under this standard. With respect to her retaliation claim, Allard has failed to introduce any evidence at all that she had participated in any activity protected by Title VII prior to her evaluation.

Allard has also failed to show the requisite causation to sustain her argument that her suspension was retaliatory. Allard has presented no evidence that – and therefore has created no genuine dispute of material fact as to whether – the decision makers involved in her suspension knew of her prior protected activity. Additionally, even if Allard could show that they were aware of her first EEO complaint, over two years passed between the time she filed that complaint and her suspension. Such a delay is indicative of a lack of the required causal nexus between the protected activity and adverse employment action at issue. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). For mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action to be sufficient evidence of causality,

the temporal proximity must be "very close"—far closer than it was here. *See Breeden*, 532 U.S. at 273 (rejecting 20-month period as not close enough).

Summary judgment was also properly entered with respect to Allard's hostile work environment claim. Pleading a *prima facie* case of discrimination on the basis of a hostile work environment requires a plaintiff to show that, *inter alia*, the alleged hostile environment "affected a term, condition, or privilege of employment." *Jones v. Flagship Int'l*, 793 F.2d 714, 719 (5th Cir. 1986). To meet that standard, the complained-of conduct must be "'so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the work place.'" *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 326 (5th Cir. 2004) (quoting *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999)). The minor incidents that Allard complains of – including, for example, a supervisor's asking her what was for dessert when Allard provided him lunch and the same supervisor's giving Allard a "real evil look" while saying "good morning" to her – are so insignificant and infrequent that they cannot possibly meet this standard. *See Shepherd*, 168 F.3d at 872-74 (declining to find a hostile work environment despite plaintiff's assertions of an extended course of harassing conduct involving explicitly sexual comments and unwanted physical contact).

Finally, to the extent that Allard's voluminous *pro se* filings raise additional issues for the first time on appeal, we decline to consider them. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.