# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2012

No. 12-50495
Summary Calendar

Lyle W. Cayce
Clerk

ARVIND KUMAR, M.D.,

Plaintiff - Appellant

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, San Antonio
USDC No. 5:10-CV-738

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Arvind Kumar, M.D., appeals the summary judgment dismissing his hostile work environment claim under the Americans with Disabilities Act.

Dr. Kumar is a medical doctor who was previously employed in the Primary Care section at a Veterans Administration facility in Ohio. He was diagnosed with carpal tunnel syndrome in his right wrist and an ulnar nerve

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50495

injury to his right arm. These injuries made it difficult for him to perform the heavy typing required as part of his responsibilities as a primary care physician.

Dr. Kumar applied for positions in the Compensation and Pension (C & P) sections at VA facilities in San Antonio, Texas, and Las Vegas, Nevada. He was offered both positions but chose the one in San Antonio based on his understanding that he would be in the C & P section, which required much less typing than a position in the Primary Care section.

Dr. Kumar presented the following evidence in opposition to the VA's motion for summary judgment on his hostile environment claim:

- *Threats to his job.* A few weeks after he began work in San Antonio in April 2006, Dr. Kumar was reassigned from the C & P section to the Primary Care section. On May 3, 2006, he met with his second-line supervisor, Dr. Vicki Hannigan. When he told her about his disability and asked to be transferred back to the C & P section because he was concerned that he would not be able to perform the heavy typing responsibilities that would be required in the Primary Care section, Dr. Hannigan became angry, accused him of being deceitful by hiding his disability, and threatened his job.

- *Delay in accommodating his disability.* Dr. Kumar requested accommodation in May, June, and October 2006, as well as in July 2007. He was not provided with any accommodation for more than a year. He alleged that the stress and repetition of typing worsened his injuries to the point that he had to have surgery in December 2007. Dr. Kumar believed that his requests for accommodation were ignored by the VA in the hopes that his frustration and pain would force him to leave.

- *Efforts to impugn his professional reputation and the quality of his work.* Dr. Kumar's former supervisor in San Antonio, Chief Medical Officer Dr. John Garcia, who was replaced by Dr. Teresa Boyd, told Dr. Kumar that

2

Dr. Boyd had asked him for "the dirt" on Dr. Kumar. Dr. Garcia also told Dr. Kumar that in December 2007, Dr. Hannigan had (unsuccessfully) tried to get Dr. Garcia to rate Dr. Kumar as "less than satisfactory."

- *Unwarranted written counselings.* Dr. Kumar received written counselings from Dr. Boyd on June 3 and August 15, 2008. He alleged that there was no basis for either of these counselings and that they were done for the purpose of targeting him for eventual discharge from his position.

The district court stated that no reasonable fact finder could conclude that Dr. Kumar's working environment was so permeated with discriminatory animus, ridicule, and insult as to become abusive. The district court concluded that Dr. Kumar's evidence established, at most, that he was subjected to an uncomfortable working environment, which is not sufficient to sustain a claim of hostile work environment in federal court.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 753 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Dr. Kumar argues that the summary judgment evidence he presented demonstrated that his work environment was not merely uncomfortable, but rather was hostile. He maintains that a reasonable person would find it hostile and abusive for an employer to threaten to terminate an employee, build a case for termination against an employee, and ignore an employee's disability to the point of physical injury requiring surgery.

The VA asserts that summary judgment was proper because the evidence shows that Dr. Kumar was never physically threatened or humiliated, the alleged hostility occurred sporadically over a 27-month period, he was not

prevented from doing his job, and he was never proposed for termination, suspended, placed on a performance improvement plan, or formally disciplined. According to the VA, Dr. Kumar was instructed on May 10, 2006, to provide information from his physician regarding his limitations, but did not submit the documentation until July 24, 2007, and, from that date through at least the time of his federal court deposition in January 2012, Dr. Kumar used the accommodation of telephone dictation.  The VA argues that Dr. Kumar's subjective physical and emotional reactions to the criticism he received in the workplace do not establish that the work environment would have been perceived as hostile or abusive by a reasonable employee.

Based on our review of the briefs and the summary judgment record, we agree with the district court's assessment that the conduct alleged by Dr. Kumar was not sufficiently severe or pervasive to affect a term or condition of Dr. Kumar's employment and is therefore insufficient to withstand summary judgment.  *See Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 236 (5th Cir. 2001) (stating that "disability-based harassment must 'be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment'" (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998)); *id.* (stating that "[i]n determining whether a work environment is abusive, this court must consider  the entirety of the evidence presented at trial, including 'the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance'" (quoting *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 874 (5th Cir. 1999)).  The summary judgment is therefore

AFFIRMED.