# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60663
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2019

Lyle W. Cayce
Clerk

MELISSA A. IVEY,

  Plaintiff - Appellant

v.

MEGAN J. BRENNAN, Postmaster General; UNITED STATES POSTAL
SERVICE,

  Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-129

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Melissa Ivey ("Ivey") filed an employment discrimination lawsuit against her employer, Defendant-Appellants United States Postal Service and the Postmaster General ("Defendants"). The district court granted summary judgment to Defendants. Finding no error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60663

## I. BACKGROUND[1]

In 2012, Plaintiff-Appellant Melissa Ivey worked as a part-time rural carrier associate for the United States Postal Service in Moss Point, Mississippi. A rural carrier associate was essentially a substitute who would fill in for a full-time carrier as needed and "run their route for them." At the time of the alleged incidents, Ivey's immediate, or "first-line," supervisor was Joe Brown. Shane Hodges was Joe Brown's supervisor and Ivey's "second-line" supervisor.

In March 2012, Hodges began making comments about Brown's relationship with Ivey. The comments were as follows: "Joe Brown sure likes him some Melissa Ivey. Joe Brown sure does want some Melissa Ivey. He wants you as his lover." Hodges allegedly made these comments "too many times to count" over a period of weeks. When asked to clarify at her deposition, Ivey stated she believed Hodges made the comments more than ten times. Ivey took these comments as serious statements rather than jokes or teasing. Ivey only spoke with Brown about the comments on one occasion; she found it too humiliating to have further conversations with him on the subject. She stated she thought Brown looked surprised when she told him about Hodges' comments.

Two months later, Ivey alleges she was harassed by co-worker Dennis Hebert after telling him Brown had assigned a co-worker to help her on that day's route because she was unfamiliar with it. Hebert allegedly "went crazy," saying he was "tired of this shit, and as soon as he got to the desk, he was going to show all of [the] damn subs [they] were going to do [their] damn job." He also called Ivey a "damn whiner," and asked her, "Who are you fucking, that you

---

[1] Because this case is before us on an appeal of a grant of summary judgment, in writing these facts we have resolved all factual issues in favor of the nonmoving party—here, Ivey. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

don't have to do no work around here?" Ivey reported the incident immediately to Brown and Hodges, still crying from the statements. Hodges reprimanded Hebert, although he did not reassign him. After the incident, Hebert's attitude towards Ivey was negative, but Ivey attested that his comments were no longer of a sexual nature. She stated that she was eventually "pulled out of work" for around a year "for stress."

Ivey filed the instant lawsuit against Defendants, alleging that the above-described incidents amounted to sexual harassment under the theories of hostile work environment and retaliation. After some discovery, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. The motion to dismiss was filed under Rule 12(b)(1), and Defendants argued that because Ivey had based jurisdiction on 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 39 U.S.C. §403(c), the district court lacked jurisdiction over her claims because the federal government had not waived sovereign immunity under any of those statutes. Defendants argued in the alternative that, if the district court were to find that Ivey sufficiently alleged claims under Title VII, they were entitled to summary judgment on the facts in the record. The district court denied Defendants' motion to dismiss but granted their motion for summary judgment. Ivey timely appealed.

## II. DISCUSSION

### A. Motion to Dismiss

This court reviews "a district court's ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction de novo." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).

Defendants did not file a cross-appeal, but nevertheless claim in their response brief that the district court erred in denying their motion to dismiss based on lack of subject matter jurisdiction. Normally, "an appellee who does not cross-appeal may not 'attack the decree with a view either to enlarging his

own rights thereunder or of lessening the rights of his adversary.'" *Jennings v. Stephens*, 135 S. Ct. 793, 798 (2015) (quoting *United States v. American Railway Express Co.,* 265 U.S. 425, 435 (1924)). Given that Defendants seek to vacate a judgment (albeit a judgment in their favor), it is arguable that Defendants should have filed a cross-appeal in this instance. Nevertheless, Defendants bring up an issue of subject matter jurisdiction, and this court has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Upon reviewing the complaint, we are satisfied that Ivey sufficiently alleged a Title VII claim despite her reference to other statutes. There is no dispute that the federal government has waived sovereign immunity under Title VII, *see* 42 U.S.C. § 2000e-16(c), and we therefore conclude we have jurisdiction over this appeal and affirm the district court's denial of Defendants' motion to dismiss.

## B. Motion for Summary Judgment

"When reviewing a grant of summary judgment, [this court] view[s] the facts and inferences in the light most favorable to the non-moving party; and [it applies] the same standards as those governing the trial court in its determination." *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 205 (5th Cir. 1996). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (citing Fed. R. Civ. P. 56(a)). "We review the record in the light most favorable to the nonmovant and draw all reasonable inferences in her favor." *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004). "We resolve factual controversies in favor of the nonmoving party . . . ." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "If the record, taken as a whole, could not lead a rational trier of fact to find for

the non-moving party, then there is no genuine issue for trial." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 433 (5th Cir. 2005) (quoting *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999)).

To establish a hostile work environment claim under Title VII, a plaintiff must show:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on [her sex]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). The district court granted summary judgment on Ivey's hostile work environment claim,[2] finding that although "Ivey's allegations describe inappropriate, offensive, and unwanted conduct, they do not rise to the level of severity or pervasiveness, as defined by Fifth Circuit precedent, to demonstrate a hostile work environment."

Ivey first contends that the district court erred because a reasonable jury could find that the comments at issue here were sufficiently severe or pervasive to constitute a hostile work environment and therefore a jury should have decided the issue. However, the cases she cites in support of this proposition all come from outside this Circuit. Moreover, she does not address Defendants' Fifth Circuit authority which shows that the alleged conduct of both Hodges and Hebert, even if taken as true, is not enough to create a hostile work environment as a matter of law. *See e.g., Hockman*, 407 F.3d at 328 (finding summary judgment for defendants appropriate where coworker 1) remarked to plaintiff about another coworker's body, 2) slapped plaintiff once on the

---

[2] The district court also granted summary judgment on Ivey's retaliation claim. Ivey does not appeal the district court's ruling as to that claim.

behind with a newspaper, 3) "grabbed or brushed" plaintiff's breasts and behind, 4) held plaintiff's cheeks and tried to kiss her, 5) asked plaintiff to get to the office early so they could be alone, and 6) stood in the door of the bathroom while plaintiff washed her hands); *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 872 (5th Cir. 1999) (affirming grant of summary judgment where 1) coworker made offensive comments about plaintiff's body, 2) stood over plaintiff's desk on several occasions and tried to look down her clothing, 3) several times touched her arm, including rubbing his hand along her arm, and 4) on two occasions patted his lap and said, "Here's your seat.").

"A recurring point in these opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Here, while certainly inappropriate and offensive, Hodges' comments do not quite rise to the level of a hostile work environment. Nor does Hebert's one comment, although also offensive, change the result. Ivey admits that Hebert's comment was isolated in nature and occurred almost two months after Hodges' comments had stopped. Ivey also testified at her deposition that after the incident, Hebert made no further sexualized comments towards her. Taken together, the district court did not err in finding that Fifth Circuit precedent precludes Ivey's claims as a matter of law.

Ivey's second point of error is that the district court based its grant of summary judgment on incomplete deposition testimony. Ivey cites to *Heinsohn v. Carabin & Shaw, P.C.*, which held that "[w]hen . . . a motion for summary judgment is premised almost entirely on the basis of depositions, declarations, and affidavits, a court must resist the urge to resolve the dispute—especially when . . . it does not even have the complete depositions." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016). In *Heinsohn*, the magistrate

judge and district court impermissibly rejected the plaintiff's statements as self-serving and credited the testimony of the employer. *Id.* Here, however, all disputes of fact have been resolved in Ivey's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Harvill*, 433 F.3d at 433. She simply has not shown, as a matter of law, that there is sufficient evidence for a jury to return a verdict in her favor. The district court did not err in granting summary judgment to Defendants on Ivey's hostile work environment claim.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.